FILED

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

10:11 am, 10/10/08

Joyce W. Harris
Clerk of Court

| In re | ) | |
|---|---|---|
| | ) | |
| ERIC WAYNE COLGAN and | ) | Case No. 08-20215 |
| CHRYSTAL MICHELLE COLGAN, | ) | CHAPTER 7 |
| | ) | |
| Debtors. | ) | |

**SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY**

This matter came before the court on October 6, 2008 by video conference regarding the sanctions on debtors' Motion for Order to Show Cause and/or Contempt Citation involving Money Now. Chrystal Colgan ("co-debtor") attended and was represented by Stephen R. Winship and Money Now, was represented by Chet Heil, pro se. Eric Colgan ("Debtor") did not attend. The court, having reviewed the file and evidence, accepting the offer of proof by the co-debtor for damages incurred, to which Money Now did not object, and considering the arguments of the parties, is prepared to rule.

**Discussion**

The co-debtor's damages include:

(1) Bank overdraft fees of $22.00;

(2) Co-debtor's lost wages for two (2) hours at the rate of $13.00 per hour that the co-debtor incurred while dealing with the contempt matter; and,

(3) Attorney fees submitted in the amount of $1,539.08 including an estimated time of one (1) hour for the hearing of October 6, 2008.

Once the court determines that a willful violation occurred and the debtor suffered

injury due to that violation, 11 U.S.C. 362(k) mandates an award of "actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." The court entered its Decision Regarding Motion for Order to Show Cause and/or Contempt Citation on August 5, 2008 holding that Money Now willfully violated the automatic stay when it refused to turnover the funds. This hearing was to determine the amount of damages.

**Bank overdraft fee**

The co-debtor requests $22.00 as part of the damages incurred by Money Now's violation of the automatic stay. This expense was incurred by the co-debtor upon Money Now presenting the check to the bank. This court analyzed and specifically determined that Money Now did not violate the automatic stay by its action of presenting the Co-debtor's check to the bank. Debtor is not entitled to an award of the bank overdraft fee of $22.00 as this is not damages actually incurred by Money Now's violation of the automatic stay.

**Lost wages**

The Co-debtor incurred a loss of two hours of wages in dealing with the consequences of Money Now's violation of the automatic stay. The offer of proof, accepted by the court, stated that the co-debtor is paid $13.00 per hour. Co-debtor is entitled to an award of actual damages for lost wages of two hours at $13.00 per hour for a total of $26.00.

**Attorney fees**

Co-debtor offered a billing statement for services incurred in the contempt action involving Money Now in the amount of $1,526.25 for attorney fees and expenses of $12.83, for a total of $1,539.08. The statement includes an estimated time of one (1) hour for the attorney's representation of the co-debtor at the hearing on October 6, 2008. The hearing lasted fifteen minutes. The billing statement is adjusted to accurately reflect this modification. Co-debtor is entitled to an award of actual damages of attorney fees and costs of: $1,387.50 and $12.83, respectively, for a total of $1,400.33.

**Punitive Damages**

Punitive damages may be awarded to the injured party, "in appropriate circumstances. There are two standards courts use for determining the "appropriate circumstances" for the award of punitive damages. The first standard allows the debtor to recover punitive damages when the creditor acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so. Money Now argued that it knew that the debtors' bankruptcy petition had been filed. However, it is not apparent to the court that Mr. Heil was aware of the meaning of federally protect rights of the automatic stay or that he recklessly disregarded the stay. Money Now's statements showed a general confusion and lack of understanding. The second standard requires the court to consider four factors: (1) the nature of the defendant's conduct; (2) the defendant's ability to pay; (3) the defendant's motives; and (4) any provocation by the debtor  As stated, Money Now's conduct showed a lack of

understanding of the protections afforded by the automatic stay. There was no information regarding Money Now's ability to pay. Money Now's motives were based upon ignorance of bankruptcy law and the risk that the creditor took when it made its own determination of what the stay means. The co-debtor's behavior of obtaining a loan three days prior to filing for bankruptcy protection and post-dating the check to a date after the bankruptcy was filed is also taken into consideration. Based upon the circumstances, punitive damages are not appropriate.

IT IS ORDERED that Money Now shall pay the Co-debtor:

(a)     for lost wages, the amount of $26.00; and

(b)     for attorney fees and costs, the amount of $1,400.33;

for a total amount of $1,426.33, to be paid by money order, cashier check and mailed to Stephen Winship, P.O. Box 548, Casper, WY 82602-0548, on or before November 14, 2008.

DATED this __10__ day of October, 2008.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
   Stephen Winship
   Chet Heil/Money Now